NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS PETRUSOVICH,<br><br>                         Plaintiff,<br><br>v.<br><br>CLINICAL REFERENCE LABORATORY, INC., CLINICAL REFERENCE LABORATORY, APPS NATIONAL SERVICE CENTER, AMERICAN PARA PROFESSIONAL SYSTEMS, MASSACHUSETTS MUTUAL LIFE COMPANY, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as identity is unknown),<br><br>                         Defendant. | **Civil Action No. 22-05479 (SRC)**<br><br>**OPINION** |

**CHESLER**, District Judge

      This matter comes before the Court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Clinical Reference Laboratory, Inc. ("CRL"), Massachusetts Mutual Life Insurance Company ("Mass Mutual"), and American Para Professional Systems, Inc. ("APPS," collectively "Defendants"). Plaintiff Dennis Petrusovich ("Plaintiff" or "Petrusovich") opposes the motion. The Court, having considered the papers filed by the parties, proceeds to rule on the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Defendants' motion.

      **I.**      **Background**

Plaintiff filed the instant Complaint in the Superior Court of New Jersey on March 6, 2022. The case was removed to federal court on September 9, 2022. Plaintiff's Complaint alleges agents of Defendants, acting within the scope of their employment, drew his blood. (Complaint Ct. I ¶ 5, 7). He alleges the blood was drawn "carelessly, negligently, and/or recklessly," (Complaint Ct. 1 ¶ 8), by "negligently [inserting] the needle into Plaintiff's arm" (Complaint Ct. I ¶ 12). This "directly and/or proximately caused [him] injury." (Complaint Ct. I ¶ 14). Plaintiff's complaint alleges three distinct counts. Counts I and II both appear to allege negligence and medical malpractice. Count III appears to allege "negligent business practices."

CRL, Mass Mutual, and APPS each moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). Collectively, they argue the Complaint fails to comply with Rule 8's pleading requirements because it does not include sufficient facts to state a claim.[1] (CRL Br. at 4).

Plaintiff opposes the motion, arguing it should be denied, or alternatively, his Complaint should be dismissed with leave to amend. In Plaintiff's opposition briefing,[2] he asserts additional facts absent from his Complaint. Specifically, he asserts he was applying for life insurance with

---

[1] In addition, Defendants assert various arguments which, as explained below, the Court will not reach. CRL alleges it did not collect the blood sample, it did not owe Plaintiff a duty, and Plaintiff's medical malpractice claim against CRL fails as a matter of law. (CLR Br. at 8-12). Mass Mutual asserts Count III must be dismissed because "negligent business practices" is not a cognizable claim and the Count alleges no facts that support alternative claims. (Mass Mutual Br. at 4-6). APPS asserts that Count II should be dismissed because it is redundant in light of Count I. (APPS Br. at 8). APPS further asserts the loss of consortium and recklessness claims must be dismissed because no alleged facts can support those claims. (APPS Br. at 4-8).

[2] Plaintiff did not file a brief in opposition to CRL's motion to dismiss. However, because Mass Mutual and APPS incorporate CRL's Rule 8 arguments by reference (Mass Mutual Br. at 3; APPS Br. at 4), and Plaintiff's opposition briefs address these arguments, the Court will not consider CRL's motion unopposed. (Pl. Opp. Br. to Mass Mutual at 5-7; Pl. Opp. Br. to APPS at 5-8).

2

Mass Mutual, and its application process required a blood sample. He asserts Mass Mutual used APPS to provide blood drawing services. During the procedure, Plaintiff asserts the technician "missed the vein in his left arm" causing him "severe pain." (Pl. Opp. Br. to Mass Mutual at 3).

## II.     Discussion

### a. Legal Standard

Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6) for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) provides a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. 8(a)(2). A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) Following Iqbal and Twombly, the Third Circuit has held that, to prevent dismissal of a claim, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). While the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

    b. Plaintiff's Complaint

The Court will dismiss Plaintiff's complaint because he fails to allege specific facts entitling him to relief. Plaintiff's cognizable claims are negligence and medical malpractice.[3] In New Jersey, negligence requires showing "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 400 (2009). Medical malpractice requires a plaintiff to show "(1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury." Gardner v. Pawliw, 150 N.J. 359, 375 (1997). Plaintiff must therefore allege sufficient facts that, if true, satisfy each element of at least one of those claims.

Plaintiff's Complaint is mostly comprised of legal conclusions. Twombly and Iqbal provide that a plaintiff must show they are entitled to relief through factual allegations. Legal conclusions alone cannot support the plausibility of a claim. Iqbal, 556 U.S. at 679. Here, the only specific facts alleged in Plaintiff's Complaint are that he had blood drawn, and he was injured when the needle was inserted into his arm. Even assuming these allegations are true, they are insufficient to support a claim of negligence, medical malpractice, or any similar tort claim. Plaintiff does not allege specific duties or standards of care.[4] No specific facts suggest the technician drawing the blood acted negligently or in breach of a standard of care. Plaintiff does

---

[3] No New Jersey case acknowledges "negligent business practices" as a distinct claim. Rather, an ordinary claim of negligence could be brought based on a business's practices which meet the elements of negligence.

[4] The Complaint does not explain the legal relationship between the parties from which a legal duty might arise.

not allege any specific injuries. And Plaintiff's statement of causation is entirely conclusory. In short, Plaintiff's Complaint fails to satisfy the federal pleading standard for any cause of action.

Plaintiff's opposition briefs provide additional facts that are not present in the Complaint. The Court must rely on the facts alleged in the complaint alone. A Plaintiff cannot use an opposition brief to "amend the Complaint on the fly." Destro v. Hackensack Water Co., No. 08-4776, 2009 WL 10728622, at *1 (D.N.J. Apr. 2, 2009). Therefore, the facts disclosed in the briefs will not be considered in the Rule 12(b)(6) analysis.

Plaintiff notes that his complaint was filed in New Jersey in compliance with the New Jersey Rules of Court. (Pl. Opp. Br. to Mass Mutual at 5). However, once a complaint is removed to federal court, it must comply with federal pleading rules, including Twombly and Iqbal. See Clements v. Sanofi-Aventis, U.S., Inc, 111 F. Supp. 3d 586, 591 (D.N.J. 2015). Therefore, whether Plaintiff's complaint would have satisfied New Jersey's pleading standard has no bearing on whether it can survive a motion to dismiss in federal court.

Accordingly, the Court will dismiss the complaint for failure to state a claim without prejudice.[5] Fed. R. Civ. P. 12(b)(6). Plaintiff is granted leave of 30 days to file an amended complaint in compliance with Rule 8(a)(2). The Court has authority to grant leave without a motion under the Federal Rules of Civil Procedure and the Local Rules. Fed. R. Civ. P. 15(a)(2); L. Civ. R. 15.1(a); see also Torsiello v. Strobeck, 955 F. Supp. 2d 300, 304 (D.N.J. 2013) ("Leave to amend is generally freely granted in any case; it is even more appropriate here, because

---

[5] Because the Court has dismissed the Complaint in its entirety, it does not reach any additional arguments asserted by Defendants.

[Plaintiff] filed his complaint in state court, not knowing that it would be removed and subjected to federal pleading standards.").

### III. Conclusion

For the foregoing reasons, the Court will grant Defendant's motion to dismiss without prejudice, with leave of 30 days to file an amended complaint. An appropriate order will be filed.

 s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated:  November 14, 2022